UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SUNSET HOMEOWNERS' ASSOCIATION, INC.,
and GLENN ARTHURS,

                               Plaintiffs,

v.                                              Civil Case No.:1:19-cv-00016

NATASCHA DIFRANCESCO,
BRYAN DIFRANCESCO, HOMEAWAY, INC.,
and AIRBNB, INC.,

                               Defendants.

## DEFENDANTS NATASCHA DIFRANCESCO AND BRYAN DIFRANCESCO'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

GOLDBERG SEGALLA LLP
*Attorneys for Defendants*
*Natascha and*
*Bryan DiFrancesco*
665 Main Street
Buffalo, New York 14203
Tel: (716) 566-5400

*Of Counsel:*
Marc W. Brown, Esq.
Anthony M. Kroese, Esq.

# Table of Contents

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ....................................................................................... 3

ARGUMENT ........................................................................................................... 3

        POINT I ...................................................................................................... 3

        THE DIFRANCESCOS WERE NOT SERVED IN
        ACCORDANCE WITH THE HAGUE CONVENTION
        AND FRCP RULE 4 ................................................................................... 3

        POINT II .................................................................................................... 5

        PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION AND,
        ACCORDINGLY, THEIR COMPLAINT MUST BE
        DISMISSED ............................................................................................... 5

        POINT III ................................................................................................. 10

        PLAINTIFFS' EX PARTE TEMPORARY RESTRAINING
        ORDER AND REQUEST FOR PRELIMINARY
        INJUNCTIVE RELIEF MUST BE DISMISSED ........................... 10

        POINT IV ................................................................................................. 14

        IN THE ALTERNATIVE, IF THE COURT GRANTS
        PLAINTIFFS A PRELIMINARY INJUNCTION
        PLAINTIFFS MUST POST A BOND ............................................. 14

CONCLUSION ...................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ashcroft v. Iqbal,
556 U.S. 662 (2009)............................................................................................5, 10

Bell & Howell: Mamiya Co. v. Masel Supply Co.,
719 F.2d 42 (2d Cir. 1983)......................................................................................12

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007)...................................................................................................5

Berman v. Sugo L.L.C.,
580 F.Supp.2d 191 (S.D.N.Y. 2008)........................................................................8

Blast v. Fischer,
2007 WL 2815754 (W.D.N.Y. Sept. 20, 2007) ......................................................12

Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh,
934 F.2d 30 (2d Cir. 1991)......................................................................................11

In re CINAR Corp. Securities Litigation,
186 F.Supp.2d 279 (E.D.N.Y. 2002) ........................................................................4

Citigroup Global Markets, Inc. v. VCG Special Opp. Master Fund Ltd.,
598 F.3d 30 (2d Cir. 2010)......................................................................................12

A.C. ex rel. Collichio v. Brockport Cent. School Dist.,
08-CV-6443T, 2009 WL 1044558 (W.D.N.Y. Apr. 16, 2009) .................................3

Corning Inc. v. PicVue Electronics, Ltd.,
365 F.3d 156 (2d Cir. 2004).....................................................................................14

Cortec Indus., Inc. v. Sum Holding L.P.,
949 F.2d 42 (2d Cir. 1991)........................................................................................6

Dickerson v. Napolitano,
604 F.3d 732 (2d Cir. 2010)......................................................................................3

Forest City Daly Hous., Inc. v. Town of N. Hempstead,
175 F.3d 144 (2d Cir. 1999)....................................................................................12

Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers,
Local No. 70 of Alameda County,
415 U.S. 423 (1974)................................................................................................10

i

Harris v. Mills,
   572 F.3d 66 (2d Cir. 2009)................................................................................5

Harsco Corp. v. Segui,
   91 F.3d 337 (2d Cir. 1996)................................................................................8

Lujan v. Defenders of Wildlife,
   504 U.S. 555 (1992)..........................................................................................6

Med. Society of New York v. Toia,
   560 F.2d 535 (2d Cir. 1977)............................................................................11

New York State Elec. & Gas Corp. v U.S. Gas & Elec., Inc.,
   697 F.Supp.2d 415 (W.D.N.Y. 2010) ...........................................................14

Parry v. Haendiges,
   458 F.Supp.2d 90 (W.D.N.Y. 2006) ..............................................................12

Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.,
   712 F.3d 705 (2d Cir. 2013)..............................................................................6

Rabbi Jacob Joseph School v. Province of Mendoza,
   342 F.Supp.2d 124 (E.D.N.Y. 2004) .............................................................10

Roth v. Jennings,
   489 F.3d 499 (2d Cir. 2007)..............................................................................6

S.E.C. v. Watermark Fin. Serv.,
   2008 WL 2120779 (W.D.N.Y. May 16, 2008) ..............................................12

Soos v. Niagara County,
   195 F.Supp. 3d 458 (W.D.N.Y. 2016) .............................................................3

Swain v. Brookdale Sr. Living,
   2009 WL 3162143 (W.D.N.Y. Sept. 27, 2009) .............................................10

Tabbaa v. Chertoff,
   2005 WL 3531828 (W.D.N.Y. Dec. 22, 2005)..........................................12, 13

Todd v. Exxon Corp.,
   275 F.3d 191 (2d Cir. 2011)..............................................................................6

Volkswagenwerk Aktiengesellschaft v. Schlunk,
   486 U.S. 694 (1988)..........................................................................................4

Water Splash, Inc. v. Menon,
   ___ U.S. ___, 137 S. Ct. 1504 (2017)..............................................................4

Wilson v. Austin,
    CV 11-4594 SJF GRB, 2012 WL 3764512 (E.D.N.Y. June 25, 2012) .......................................4

Wolff v. Rare Medium, Inc.,
    171 F.Supp.2d 354 (S.D.N.Y. 2001)..................................................................................................8

**Other Authorities**

FRCP Rule 4 ................................................................................................................3, 4, 5

FRCP 4(f)........................................................................................................................3, 4, 5

FRCP 4(f)(2)(C)(ii) ...........................................................................................................4

FRCP 4(f)(C)(2)(ii) ...........................................................................................................4

FRCP 5............................................................................................................................5

FRCP 12(b)(5) ................................................................................................................3

Rule 12(b)(6)..........................................................................................................5, 6, 10

FRCP 65.............................................................................................................10, 11, 14

FRCP 65(b)(1) .................................................................................................................10

FRCP 65(b)(1)(A)......................................................................................................10, 11

FRCP 65(b)(1)(B) ............................................................................................................11

Rule 65(c)........................................................................................................................14

## PRELIMINARY STATEMENT

The basis of this matter is straight forward. Without proper standing or service of process, Plaintiffs assert two outlandish breach of contract causes of action evidenced by threadbare conclusory allegations in an attempt to selectively enforce two ambiguous and vague Articles contained within a Declaration of Restrictive Covenants governing the Sunset Area Subdivision, and avoid what should be discussed at their upcoming Annual General Meeting ("AGM"). Plaintiffs seek an undetermined amount in monetary damages and request this Court to enjoin Defendants Natascha and Bryan DiFrancesco (collectively the "DiFrancescos") from continuing to use their home to the fullest extent permitted under the Declaration of Restrictive Covenants.

In a brazen attempt to fabricate a false account of the DiFrancescos' activities in the Sunset Area Subdivision, Plaintiffs commenced this litigation under the cover of night by filing a verified complaint dated December 3, 2018 (the "Complaint") and continue to act in a manner that fails to meet the common decency expected between a community of neighbors. First, as the DiFrancescos are citizens of Canada, a fact well known by both Plaintiffs Sunset Homeowners' Association, Inc. ("Sunset HOA") and Glenn Arthurs ("Arthurs") (collectively the "Plaintiffs"), Plaintiffs failed to effectuate service as required by The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in in Civil or Commercial Matters ("the Convention"). Second, Plaintiffs proceeded to file an Order to Show Cause in New York State Supreme Court requesting a Temporary Restraining Order and Preliminary Injunction against the DiFrancescos without providing any notice to their adversaries. This is shocking considering the fact that the relief requested by the Plaintiffs would enjoin the DiFrancescos from providing their two residential properties to guests through the online home rental services provided by Defendants Airbnb, Inc. and HomeAway, Inc. Without any notice to the DiFrancescos, the New

York State Supreme Court granted Plaintiffs' request for a Temporary Restraining Order, resulting in significant hardship to the DiFrancescos. Only once the state court was notified that the overreaching Order to Show Cause would impact dozens of people who were relying on renting from the DiFrancescos during the winter holidays, did the Court provide relief to those who reserved with the DiFrancescos months ago in a Supplemental Order to Show Cause, granted December 24, 2018.

Despite the lack of candor between neighbors in this matter, the DiFrancescos were shocked by the commencement of this action because Plaintiffs have numerous alternative options for resolving this matter outside of litigation. Plaintiffs initiated this litigation just prior to the AGM held for all members of the Sunset HOA, which includes property owners in the Sunset Area Subdivision. This matter has been placed on the Agenda for the meeting, which will occur on January 26, 2019. Additionally, Plaintiffs could have requested a Special Meeting be called or requested a determination be held by a written vote, both permitted methods of resolving internal residential disputes by the Sunset HOA's Bylaws. In fact, Plaintiffs have proceeded under the guise of a "Splinter Group", which further illustrates the pettiness involved in this straightforward matter of infighting between the residents of the community.

This matter was removed to this Court pursuant to diversity jurisdiction on or about January 3, 2019. Given Plaintiff's failure to effectuate service and state a claim, the Court should grant the DiFrancescos' motion to dismiss Plaintiffs' Complaint and request for a preliminary injunction, and terminate the state court-issued Temporary Restraining Order for failure to meet the high standard required by the Federal Court system to enforce a Temporary Restraining Order and preliminary injunction. In the alternative, the Court should grant the DiFrancescos' motion for Plaintiffs to post a bond in an amount to be determined by the Court.

## STATEMENT OF FACTS

For a complete recitation of the facts relevant to this motion, the DiFrancescos respectfully direct this Court to the Affirmation of Marc W. Brown, dated January 3, 2019 ("Brown Aff."), the Affidavit of Bryan J. DiFrancesco, sworn to December 28, 2018 ("B. DiFrancesco Aff."), and the Affidavit of Natascha DiFrancesco, sworn to December 28, 2018 ("N. DiFrancesco Aff.").

## ARGUMENT

### POINT I

### THE DIFRANCESCOS WERE NOT SERVED IN ACCORDANCE WITH THE HAGUE CONVENTION AND FRCP RULE 4

An FRCP 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint. See Soos v. Niagara County, 195 F.Supp. 3d 458, 463 (W.D.N.Y. 2016). When a defendant moves to dismiss under FRCP 12(b)(5), plaintiff bears the burden of establishing adequate, sufficient service. See Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010). "[I]n resolving [an FRCP 12(b)(5)] motion, the court 'must look to matters outside the complaint' to determine what steps, if any, the plaintiff took to effect service." A.C. ex rel. Collichio v. Brockport Cent. School Dist., 08-CV-6443T, 2009 WL 1044558, at *3 (W.D.N.Y. Apr. 16, 2009), quoting, C3 Media & Mktg. Grp., LLC v. Firstgate Internet, Inc., 419 F.Supp.2d 419, 427 (S.D.N.Y. 2005). Conclusory statements that service was properly effected are insufficient to carry that burden. See id.

In this matter, the DiFrancescos move to dismiss the complaint pursuant to FRCP 12(b)(5) for insufficient service of process. The DiFrancescos, who reside in and are citizens of Canada, were not served correctly in accordance with both the Convention, of which Canada is a signatory, and FRCP 4(f). The Convention applies in all cases where there is occasion to

3

transmit a judicial or extrajudicial document for service abroad. Service pursuant to the Convention is mandatory when serving a foreign defendant in a signatory country. See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988). Article 10(a) of the Convention states that, if the state of destination does not object, the Convention does not interfere with the "freedom to send judicial documents by postal channels directly to persons abroad."

In Water Splash, Inc. v. Menon, ___ U.S. ___, 137 S. Ct. 1504 (2017), the U.S. Supreme Court held that mail service is permissible under Article 10(a) of the Convention. However, while Canada does not object to Article 10(a) of the Convention, the use of postal channels to effect service outside the U.S. must still comply with FRCP 4(f). See Wilson v. Austin, CV 11-4594 SJF GRB, 2012 WL 3764512, at *5 (E.D.N.Y. June 25, 2012) ("Service of process must also satisfy Rule 4 of the Federal Rules of Civil Procedure and the Due Process Clause.").

FRCP 4(f)(C)(2)(ii) provides that, if an international agreement (i.e. the Convention) allows, a defendant may be served by a "method that is reasonably calculated to give notice: … using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt (emphasis added)." Thus, to send judicial documents by mail directly to a defendant in accordance with Article 10(a) of the Convention, FRCP 4(f)(2)(C)(ii) requires that the clerk of the court serve process on the foreign defendant with return receipts. See In re CINAR Corp. Securities Litigation, 186 F.Supp.2d 279 (E.D.N.Y. 2002). In this case, the summons and complaint were not sent by the clerk of the court. Rather, Plaintiffs' counsel mailed the summons and complaint themselves, as is clear from the return address that indicates the mailing originated at Plaintiffs' counsel's office. See Brown Aff. at ¶ 21; B. DiFrancesco Aff. at ¶ 58. This constitutes insufficient service of process.

Furthermore, the summons and verified complaint were sent to Natascha DiFrancesco at Bryan DiFrancesco's place of work, Active Body Clinic in Ontario, Canada. However, Natascha DiFrancesco does not work at Active Body Clinic and cannot be served at that location simply because her husband works there. <u>See</u> N. DiFrancesco Aff. at ¶ 12. Pursuant to FRCP 5, service is made by delivering the summons and complaint to the "person's office with a clerk or other person in charge…" or, "if the person has no office…at the person's dwelling or usual place of abode…." There is no indication that service of process was made to Mrs. DiFrancesco through the clerk of the court at her address. Delivering the summons and complaint to Mrs. DiFrancesco at Active Body Clinic, where she does not work, is not a "method of service that is reasonably calculated to give notice" under FRCP 4(f).

Based on the foregoing, Plaintiffs failed to comply with the Convention and FRCP 4. Therefore, Plaintiffs' summons and verified complaint should be dismissed.

## POINT II

### PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION AND, ACCORDINGLY, THEIR COMPLAINT MUST BE DISMISSED

Rule 12(b)(6) mandates dismissal of a cause of action if it does not "state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Conclusory averments are insufficient to meet this pleading threshold; rather, a complaint must be buttressed by specific factual allegations, which if accepted as true, are sufficient to support the accusation's plausibility. <u>See Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009). Absent specific allegations, pleadings that contain "no more than conclusions . . . are not entitled to the assumption of truth." <u>Iqbal</u>, 556 U.S. at 679; <u>see also</u> <u>Twombly</u>, 550 U.S. at 555 (plaintiff must put forth sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level" to survive a motion to dismiss). "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt., 712 F.3d 705, 717 (2d Cir. 2013). In considering a motion to dismiss, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2011).

When ruling on a Rule 12(b)(6) motion, the court is generally confined to the four corners of the complaint and allegations contained therein. See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). Any written instrument attached to a complaint or document incorporated in it by reference may be deemed part of the complaint itself. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). In addition, a court may consider materials submitted by a defendant with a Rule 12(b)(6) motion where the plaintiff has "actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint." Id. at 48. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts that, if proven, would establish standing for each challenge he wishes to bring and each form of relief he seeks. See id.; see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

Here, Plaintiffs' allegations are merely speculative and fail to plausibly suggest that they are entitled to relief. Sunset HOA baldly asserts that the DiFrancescos entered into a contract that prevents them from renting their private homes on Airbnb and HomeAway websites, yet the verified complaint and supporting documents do not set forth any material facts that support the alleged claims. Moreover, Arthurs merely joins in this clear breach of contract matter in an attempt to maliciously recover damages without any standing for recovery. For these reasons, as set forth in detail below, Plaintiffs' verified complaint should be dismissed in its entirety.

A.    **Sunset HOA Fails to Establish that its Board Approved this Lawsuit**

Independent of the above-described service defects, Sunset HOA attempts to initiate this litigation without any standing and, therefore, fails to state a cause of action. Sunset HOA fails to establish that the Sunset HOA Board of Directors, or a majority of the members, approved the commencement of this litigation. Certainly, the Supplemental Declaration of Covenants, Conditions and Restrictions of Holimont Sunset Area Subdivision ("Supplemental Declaration") provide that the Sunset HOA may enforce the Declaration of Restrictive Covenants. See Brown Aff. at ¶ 11. However, Plaintiffs cannot make a palpable argument that members of the Sunset HOA intended to allow any member or members of the Sunset HOA Board of Directors to initiative litigation without the approval of one of the aforementioned parties. See id. at ¶ 13.

Pursuant to the Supplemental Declaration, Article III(c) provides that "[a]ll actions of the [Sunset HOA] shall be determined as provided by the Bylaws of Sunset Area Association [("Sunset HOA Bylaws")]." Id. at ¶ 14. This litigation was commenced by a verified complaint, which was verified by Jeffrey Zaffino, President of the Sunset HOA. See id. at ¶ 16. The Sunset HOA Bylaws provide that the President, "[s]ubject to the directions of the Board of Directors, [] shall have general executive supervision over the business and the affairs of the [Sunset HOA]." Id. at ¶ 15. In fact, the current members of the Sunset HOA Board of Directors were never consulted on the initiation of litigation. See B. DiFrancesco Aff. at ¶ 52. Nowhere in the verified complaint did Sunset HOA state that the Board of Directors approved the commencement of the action, or permitted its President to commence the action of its behalf. Moreover, the verified complaint fails to establish any reliable theory upon which the President of the Sunset HOA may initiate litigation without the approval of the Board of Directors or the broader membership of the Sunset HOA. See Brown Aff. at ¶ 13.

Therefore, based on Plaintiffs' failure to plead that the Sunset HOA Board of Directors gave its President the right to commence this action, or that the Board met in a special session to approve this lawsuit, Sunset HOA lacks standing and fails to state a claim for relief to be granted. Accordingly, the DiFrancescos' motion to dismiss Sunset HOA's claims should be granted.

**B.**     **<u>Arthurs's Breach of Contract Claims Must be Dismissed</u>**

Also, independent of the above-described service defects, Arthurs lacks standing to pursue any claims relating to this action, and his personal claim should be dismissed. Plaintiffs' verified complaint alleges that the DiFrancescos breached Sunset HOA's Operational Documents and, as such, request injunctive relief and damages in an amount to be determined by trial. <u>See</u> verified complaint ¶¶ 40-46; 47-50. However, Arthurs alleges no injury sufficient to support his standing with respect to this action. Moreover, for Arthurs to have the right to enforce any provision under the Declaration of Restrictive Covenants, Arthurs would have to prove that the DiFrancescos violated a provision with more than a conclusory statements, clearly absent any supporting evidence.

Under New York law, there are four elements to a breach of contract claim: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." <u>Harsco Corp. v. Segui</u>, 91 F.3d 337, 348 (2d Cir. 1996). To plead these elements "a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue." <u>Wolff v. Rare Medium, Inc.</u>, 171 F.Supp.2d 354, 358 (S.D.N.Y. 2001). Moreover, "[s]tating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." <u>Berman v. Sugo L.L.C.</u>, 580 F.Supp.2d 191, 202

(S.D.N.Y. 2008), citing, Posner v. Minn. Mining & Mfg. Co., 713 F.Supp. 562, 563-64 (E.D.N.Y. 1989).

Here, as an initial matter, Arthurs must be dismissed from this action as he has not, and cannot, establish the elements required to maintain a breach of contact claim against the DiFrancescos. Clearly, in the matter before this Court, Plaintiffs have drafted and filed a verified complaint alleging that the DiFrancescos actively engage in activities that violate the Operational Documents of the Sunset HOA. Those allegations are wholly denied by the DiFrancescos. However, Arthurs now attempts to ride on the coattails of Sunset HOA to commence this action against its members, in an effort to recover damages from an alleged breach of contract that Arthurs could never maintain alone.

The Operational Documents referenced in the verified complaint are between the members of the Sunset HOA and Sunset HOA, as an entity. See Brown Aff. at ¶ 22. To be certain, there is no contract between Arthurs and the DiFrancescos. See id. As such, Arthurs breach of contract claims fail at the first element that must be met to maintain such a cause of action. See id.

Assuming, arguendo, that Arthurs could state a claim against the DiFrancescos for breach of contract under the Operational Documents, the verified complaint raises conclusory allegations, merely reciting the elements of a breach of contract claim, that are wholly based upon information and belief.  For example, Plaintiffs plainly allege on "information and belief" that the DiFrancescos have breached their contractual obligations pursuant to the Operational Documents. See Brown Aff. at ¶ 5.  This is completely insufficient.

The allegations that Arthurs pleads in the verified complaint are the precise type of allegations that are "naked assertion devoid of further factual enhancement" upon which a

pleader may not reply in opposing a Rule 12(b)(6) motion. See Iqbal, 556 U.S. at 678. As Arthurs has failed to plead a contract claim upon which relief may be granted, the verified complaint must be dismissed as to Arthurs.

**POINT III**

**PLAINTIFFS' EX PARTE TEMPORARY RESTRAINING ORDER
AND REQUEST FOR PRELIMINARY INJUNCTIVE
RELIEF MUST BE DISMISSED**

A.     **Federal Law Governs a Temporary Restraining Order After Removal**

Once a case has been removed to Federal Court, it is settled that Federal Law, including the FRCP, controls the future course of proceedings, notwithstanding state court orders issued prior to removal. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda County, 415 U.S. 423, 437 (1974); Swain v. Brookdale Sr. Living, 2009 WL 3162143, at *4 (W.D.N.Y. Sept. 27, 2009). If a state court issues a temporary restraining order that is in violation of the Federal Rules, it is the District Court's responsibility to dissolve it. See Rabbi Jacob Joseph School v. Province of Mendoza, 342 F.Supp.2d 124, 127 (E.D.N.Y. 2004).

Here, the state court's Temporary Restraining Order violates FRCP 65 and, therefore, must be vacated.

B.     **Plaintiffs' Application Fails to Satisfy FRCP 65(b)(1)**

"The court may issue a temporary restraining order without written or oral notice to the adverse party **only if**..." two requirements have been met. FRCP 65(b)(1) (emphasis added). The first requirement demands that "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FRCP 65(b)(1)(A). In addition, the second

10

requirement demands that Plaintiff's attorney "certify in writing any efforts made to give notice and the reasons why it should not be required." FRCP 65(b)(1)(B).

This Court should vacate the state court-issued Temporary Restraining Order as it violates both requirements under the FRCP for an *ex parte* Temporary Restraining Order. Unsurprisingly, considering that Plaintiffs have cobbled together this action in an attempt to selectively enforce restrictions against the DiFrancescos, Plaintiffs' verified complaint and supporting affidavits fail to "clearly" show the threat of immediate and irreparable harm to Plaintiffs, the first requirement under FRCP 65(b)(1)(A). In fact, Plaintiffs' allegations on the key issue of irreparable harm barely even amount to conclusory allegations, simply stating that the DiFrancesco's breach of contract "has caused and will cause irreparable harm." Brown Aff. at ¶¶ 23-24. Moreover, Plaintiffs' motion papers filed in support of their Order to Show Cause requesting a Temporary Restraining Order is notably absent of any indication that notice was given to the DiFrancescos of the forthcoming request for an *ex parte* Temporary Restraining Order. In fact, Plaintiffs' attorney's affidavit submitted no affidavit that indicates "efforts made to give notice and the reasons why it should not be required." Brown Aff. at ¶¶ 25-26; FRCP 65(b)(1)(B). As such, Plaintiffs failed to meet both requirements necessary for a Temporary Restraining Order and, cumulatively and independently, are grounds for this Court to dissolve the state issued Temporary Restraining Order as violating FRCP 65. See id. at ¶ 27.

**C.**     **Plaintiff Is Not Entitled To Injunctive Relief**

It is well-settled that injunctive relief "is an extraordinary and drastic remedy which should not be routinely granted." Med. Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977); see also Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, 934 F.2d 30. 33 (2d Cir. 1991);

Blast v. Fischer, 2007 WL 2815754, at *2 (W.D.N.Y. Sept. 20, 2007). In order to obtain a Temporary Restraining Order or a preliminary injunction, the movant must demonstrate:

> (1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.

Citigroup Global Markets, Inc. v. VCG Special Opp. Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010); S.E.C. v. Watermark Fin. Serv., 2008 WL 2120779, at *1 (W.D.N.Y. May 16, 2008).

"Perhaps the single most important prerequisite...is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." Bell & Howell: Mamiya Co. v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir. 1983) (citations omitted); Parry v. Haendiges, 458 F.Supp.2d 90, 94 (W.D.N.Y. 2006). The claimed irreparable harm must be "actual and imminent," not "remote [or] speculative," or merely a possibility. Forest City Daly Hous., Inc. v. Town of N. Hempstead, 175 F.3d 144, 153 (2d Cir. 1999).

Plaintiffs are unable to establish and support any of the prerequisites for the drastic relief sought in requesting a Temporary Restraining Order or preliminary injunction.

### i.   Plaintiffs' Fail to Show How They Will Be Irreparably Harmed

Plaintiff cannot establish irreparable harm, which is the "sine qua non for the granting of injunctive relief." Tabbaa v. Chertoff, 2005 WL 3531828, at *5 (W.D.N.Y. Dec. 22, 2005), citing, Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981). Regardless of the fact that Plaintiffs cannot maintain an action against the DiFrancescos, Plaintiffs have blatantly ignored actual violations of the Operational Documents pertaining to the rental of members' homes. See Brown Aff. at ¶ 28. The DiFrancescos wish to exercise their lawful rights to use the properties, including the listing of their Sunset Road Properties on Airbnb

and HomeAway websites. <u>See</u> B. DiFrancesco Aff. at ¶ 15. Moreover, as noted by Mr. DiFrancesco, the Sunset HOA's Annual General Meeting ("AGM") will occur on January 26, 2019. <u>See</u> <u>id.</u> at 50. Plaintiffs clearly will have an opportunity to resolve this litigation with all interested parties at the AGM, making any assertion that Plaintiffs will sustain irreparable harm null and void. Instead, Plaintiffs chose to roll the dice and hope that the DiFrancescos would fail to point out to the court their blatant disregard of the rules of civil procedure, or have the lawsuit serve as a sword in order to thwart discussion at the AGM.

### ii.    The Equities Clearly Tip in the DiFrancescos' Favor

Plaintiffs cannot show that any equitable relief sought tips the balance of hardships in Plaintiffs' favor. If the DiFrancescos are restrained from listing their properties on Airbnb and HomeAway websites, it is very likely that the DiFrancescos will suffer a financial harm that will make it substantially more difficult to use their properties for their personal enjoyment. <u>Id.</u> at ¶ 35. Specifically, the DiFrancescos will lose more than $117,000 in rental income for 2019 given its 2018 rental figures. <u>See</u> <u>id.</u> at ¶¶ 36-37. Moreover, Plaintiffs have not, and cannot, provide any harm that will tip the balance of hardship in Plaintiffs' favor. <u>See</u> Brown Aff. at ¶ 30. In fact, the verified complaint is completely devoid of any hardship that either plaintiff will place beyond a conclusory assertion that there will be "irreparable harm." <u>Id.</u>

### iii.    There Is A High Likelihood That The DiFrancescos Will Succeed on the Merits

Plaintiffs cannot demonstrate a likelihood of success on the merits. Each and every of Plaintiffs' allegations are simply speculative. <u>See</u> <u>id.</u> at ¶ 31. Plaintiffs have failed to provide any evidence beyond threadbare conclusory allegations that could support the extreme position that a Temporary Restraining Order or preliminary injunction is necessary. <u>See</u> <u>Id.</u> at ¶ 32. In addition, if the Court were to look deep into its claims, the Court will find that the Sunset HOA

is selectively enforcing its purported rules against the DiFrancescos while they ignore other members of the community who have short-term rentals. See B. DiFrancesco Aff. at ¶ 31. Should Plaintiffs request an extension of the state issued Temporary Restraining Order in this Court or continue to seek preliminary injunctive relief, Plaintiffs simply cannot show likelihood of success on the merits. Therefore, if the Court were to not dismiss Plaintiffs' verified complaint, the Court should deny Plaintiffs' request for a Temporary Restraining Order and preliminary injunctive relief.

**POINT IV**

**IN THE ALTERNATIVE, IF THE COURT GRANTS PLAINTIFFS
A PRELIMINARY INJUNCTION, PLAINTIFFS MUST POST A BOND**

Plaintiffs moved for a Temporary Restraining Order and a preliminary injunction. Pursuant to FRCP 65, a "court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Although Rule 65(c) gives the district court wide discretion to set the amount of a bond, in general, the posting of a bond is a requirement for a preliminary injunction to be issued. See Corning Inc. v. PicVue Electronics, Ltd., 365 F.3d 156, 158 (2d Cir. 2004), New York State Elec. & Gas Corp. v U.S. Gas & Elec., Inc., 697 F.Supp.2d 415, 441 (W.D.N.Y. 2010).

The DiFrancescos will undoubtedly sustain monetary damage, such as a loss of rental income, should either the temporary restraining order or the preliminary injunction be granted. See B. DiFrancesco Aff. at ¶¶ 36-37. This rental income is necessary for the DiFrancescos to afford a place in Ellicottville until their children get older and own places as their own with their parents living next door. See id. at ¶ 38. If the DiFrancescos were to lose their ability to rent their properties during the course of this lawsuit, and assuming that this lawsuit lasts

14

approximately three years, the total revenue lost by the DiFrancescos is approximately $352,000. See id. at ¶ 43.

Therefore, in the alternative, if the Court decides to grant Plaintiffs' request for a Temporary Restraining Order or a preliminary injunction, Plaintiffs must provide security in an amount decided by the Court that is proper to pay the costs and damages sustained by the DiFrancescos should they be found to have been wrongfully enjoined or restrained.

## CONCLUSION

Accordingly, based on the forgoing, this Court should (1) dismiss the verified complaint in its entirety, (2) vacate the ex parte Temporary Restraining Order issued by the state court, and any preliminary injunctive relief sought by Plaintiffs, (3) in the alternative, require Plaintiffs to post a bond, and (4) grant the DiFrancescos such other and further relief as to the Court seems just and proper.

Dated: January 3, 2019
      Buffalo, New York

                GOLDBERG SEGALLA LLP

                By: _____
                     Marc W. Brown
                     Anthony M. Kroese
                *Attorneys for Defendants Natascha &*
                *Bryan DiFrancesco*
                665 Main Street
                Buffalo, New York 14203
                Telephone No.:  (716) 566-5400
                mwbrown@goldbersegalla.com
                akroese@goldbergsegalla.com

21797957.v2

15