UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUNSET HOMEOWNERS ASSOCIATION,
INC. and GLENN ARTHURS,

          Plaintiffs,

v.

NATASCHA DIFRANCESCO and BRYAN
DIFRANCESCO,

          Defendants.

---

**DECISION AND ORDER**

1:19-CV-00016 EAW

## BACKGROUND

Plaintiffs Sunset Homeowners Association, Inc. (the "Association") and Glenn Arthurs (collectively, "Plaintiffs") commenced this action in New York State Supreme Court, Cattaraugus County, on December 4, 2018, alleging that Natascha DiFrancesco and Bryan DiFrancesco (collectively, "Defendants") breached their contractual obligations by advertising and utilizing their properties as rental units through Airbnb, Inc., and HomeAway, Inc. (Dkt. 1-2 at 4-18).[1] The properties subject to this dispute are located at 6230 Sunset Road and 6245 Sunset Road in Ellicottville, New York (collectively, the "Properties"). (*Id.* at 5). On April 15, 2019, the Court issued a Decision and Order that denied Defendants' motion to dismiss in part and held the remainder of that motion in abeyance along with Plaintiffs' motion for a preliminary injunction until further briefing

---

[1]    As the Court previously noted in its April 15, 2019, Decision and Order, Airbnb, Inc. and HomeAway Inc. were originally named as defendants to this action but have since been voluntarily dismissed. (Dkt. 1-3 at 185, 191; *see* Dkt. 23 at 1 n.1).

- 1 -

was submitted on the "limited issue" of whether Natascha was properly served. (*See* Dkt. 23 at 27-28). The parties have since filed supplemental papers in support of their respective positions. (Dkt. 25; Dkt. 26; Dkt. 27).

Pending before this Court is Plaintiffs' motion for a preliminary injunction (Dkt. 1-3 at 5-184) and the remaining aspects of Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) directed to the failure to serve Natascha (Dkt. 3). For the following reasons, Defendants' motion to dismiss is granted as to Natascha, Plaintiffs' motion for a preliminary injunction is denied without prejudice, and Plaintiffs are hereby ordered pursuant to Fed. R. Civ. P. 19(a)(2) to effectuate proper service upon Natascha within 30 days of this Decision and Order.

## **BACKGROUND**

The background and procedural history of this case is set forth in detail in the Court's April 15, 2019, Decision and Order (Dkt. 23) (the "April 2019 Decision"), familiarity with which is assumed for purposes of this Decision and Order. The Court has summarized the key details below.

### I.  **General Background**

On or about December 4, 2018, Plaintiffs filed a Summons and Verified Complaint with the New York State Supreme Court, County of Cattaraugus, alleging, among other things, causes of action for breach of contract and seeking a preliminary injunction enjoining Defendants from continuing to use the Properties in contravention of certain restrictive covenants applicable to both lots. (*See* Dkt. 1-2 at 2-18). On December 13, 2018, the state court issued an order to show cause containing a temporary restraining order

that restricted Defendants' use of the Properties. (*See* Dkt. 1-3 at 1-4). The state court subsequently issued a supplemental order to show cause on December 24, 2018, that carved out several exceptions to the prohibited rental activity in order to accommodate for the holiday season until the preliminary injunction hearing scheduled for January 17, 2019. (*Id.* at 186-90).

Defendants removed the action to federal court on January 3, 2019 (Dkt. 1)—before the disposition of the preliminary injunction motion—and filed a motion to dismiss and a motion to vacate the temporary restraining order on the same day (Dkt. 3). Because the temporary restraining order expired 14 days after the action was removed (*see* Dkt. 7), on January 18, 2019, Plaintiffs filed a cross motion for a temporary restraining order (Dkt. 8) and requested an expedited hearing on that motion (Dkt. 9). At a telephone conference held on January 22, 2019, the Court denied Plaintiffs' cross motion for a temporary restraining order and scheduled a motion hearing on Defendants' motion to dismiss and Plaintiffs' still pending motion for a preliminary injunction. (Dkt. 13). On January 31, 2019, the Court held oral argument and reserved decision. (Dkt. 22).

## II. The April 2019 Decision

On April 15, 2019, the Court issued a Decision and Order that examined the three mechanisms by which Plaintiffs had attempted to effectuate service upon Defendants. The Court rejected Plaintiffs' contentions that their federal express mailing or their compliance with the service requirements set forth in the state court's order to show cause adequately effected service upon Bryan or Natascha. (Dkt. 23 at 13-19). However, the Court concluded that "service upon Bryan appears to have been properly effectuated" by

Plaintiffs' process server, John Patrick James McGrinder ("McGrinder"), who averred that he served the Summons and Verified Complaint upon Bryan at his place of business, and Defendants failed to offer "specific facts" refuting this averment. (*See id.* at 22-24). In contrast, the Court questioned whether McGrinder's "substitute service" upon Bryan effected service upon Natascha in compliance with the rules of civil procedure applicable in the Canadian Province of Ontario, which the Court deemed to be necessary pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Convention"). (*See id.* at 24-26). Because the record evidence indicated that Natascha held an ownership interest in the Properties, the Court also questioned whether Natascha's absence from this action would run afoul the requirements of Rule 19 of the Federal Rules of Civil Procedure. (*Id.* at 26-27).

Recognizing that "neither side ha[d] briefed whether Ontario's service requirements were satisfied," the Court held the remainder of Defendants' motion to dismiss in abeyance along with Plaintiffs' motion for a preliminary injunction until further briefing was submitted "on the limited issue of whether McGrinder's service of the Summons and Verified Complaint effectuated service upon Natascha DiFrancesco in full compliance with the Convention and New York law." (*Id.* at 26-28). On April 25, 2019, the Court granted the parties' joint request for a 45-day adjournment of the briefing schedule established for supplemental filings to permit the parties additional time to explore a potential resolution of the matter. (Dkt. 24).

### III. The Parties' Supplemental Submissions

On June 13, 2019, Plaintiffs filed their supplemental responsive papers, arguing that Natascha is neither a "necessary" nor an "indispensable" party. (Dkt. 25-1). Plaintiffs contend, in the alternative, that they should be afforded an opportunity to serve Natascha "in a manner directed by the Court" in the event the Court comes to a contrary conclusion. (*See id.* at 8). Plaintiffs' supplemental papers set forth no additional argument pertaining to whether service upon Natascha complied with the Convention and New York law, as had been requested by the Court in its April 2019 Decision.

On June 20, 2019, Defendants filed their supplemental reply papers. (*See* Dkt. 26; Dkt. 27). Defendants include a new affidavit supplied by Natascha in which she avers that she owns a "one hundred percent . . . fee simple interest" in the Properties. (Dkt. 26 at ¶ 6). Natascha further avers that she "signed the deeds as owner of both Properties," and that she entered into a "Condominium/Homeowners' Association Rider" at the time she purchased the property located at 6230 Sunset Road, which identified various "title documents" that "include[d] the Association's 'Declaration, By-Laws and Rules.'" (*Id.* at ¶¶ 10, 15, 16-17).

Defendants maintain that Natascha was never properly served (*see id.* at ¶ 27; Dkt. 27 at 5) and argue that she is a necessary and indispensable party to this litigation whose legal interests as the owner of the Properties are not "adequately represented" by Bryan's presence in this lawsuit (*see* Dkt. 27 at 6-9). According to Defendants, the Court should dismiss Plaintiffs' action in its entirety rather than permit any additional opportunity for Plaintiffs to serve Natascha. (*Id.* at 10-11).

## DISCUSSION

### I. <u>Plaintiffs Failed to Establish that Service Was Properly Effectuated Upon Natascha</u>

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Jackson v. City of New York*, No. 14-CV-5755 (GBD) (KNF), 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) (quoting 5B Wright & Miller, Fed. Prac. & Proc. § 1353 (3d ed. 2004)). "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). "When a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.'" *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citation omitted).

In its April 2019 Decision, the Court concluded that Plaintiffs had failed to carry their burden of demonstrating that Natascha was properly served by McGrinder pursuant to the applicable rules of civil procedure under Ontario law. (*See* Dkt. 23 at 25-26). Because neither side had briefed whether Ontario's service requirements were satisfied—as was required under the circumstances to comply with the Convention—the Court requested that both sides submit supplemental briefing on this "limited issue." (*Id.* at 26-27). Despite having received the Court's April 2019 Decision, Plaintiffs' supplemental papers provide no additional argument or any further insight into whether or not Natascha was properly served. Because Plaintiffs have provided no additional reasons for this Court

to conclude that they have carried their burden of demonstrating that service was sufficient, the Court concludes that it does not have personal jurisdiction over Natascha for the same reasons outlined in its April 2019 Decision. Accordingly, to the extent Defendants seek to dismiss Plaintiffs' action for the failure to properly serve process pursuant to Rule 12(b)(5) (*see* Dkt. 3-13 at 8-10), the Court grants Defendants' motion as to Natascha, dismissing her from this action without prejudice.

## II. Natascha is a Necessary Party to this Action

In its April 2019 Decision, the Court suggested that Natascha's dismissal might also require the Court to deny Plaintiffs' motion for a preliminary injunction for failure to demonstrate a likelihood of success on the merits as a result of the nonjoinder of all necessary parties. (*See* Dkt. 23 at 26). A significant portion of the parties' supplemental briefing focuses on whether Natascha is a "necessary" or "required" party under Rule 19 of the Federal Rules of Civil Procedure. Plaintiffs argue that Natascha is not a necessary party because the "Court has the ability to award complete relief, as between [Plaintiffs and Bryan], to enforce the use restrictions prohibiting Mr. DiFrancesco's rental activities." (Dkt. 25-1 at 7). Plaintiffs also contend that Natascha and Bryan share virtually identical interests, and thus her interests are sufficiently represented by Bryan's participation in this lawsuit. (*See id.*).

In response, Defendants argue that Natascha is a necessary and indispensable party to this action because she is the "sole owner" of the Properties that are subject to the restrictive covenants at issue. (Dkt. 27 at 6-7). Defendants also contend that Natascha's legal interest as the owner of the Properties is not identical to Bryan's legal interest as an

occupant thereof, and thus her interests are not adequately represented by his presence in this action. (*See id.* at 7-9). While Plaintiffs, alternatively, request that the Court grant them another opportunity to properly effect service upon Natascha in the event she is a necessary party (Dkt. 25-1 at 8), Defendants argue that the Court should dismiss this action in its entirety for failure to join a necessary and indispensable party without allowing Plaintiffs another chance to effectuate service (*see* Dkt. 27 at 10-11).[2]

"In determining whether an action should be dismissed for nonjoinder, the court . . . must initially determine whether the party should be joined as a 'necessary party' under Rule 19(a)." *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 681 (2d Cir. 1996). If the party is found to be necessary, "the court must proceed to the second step of the indispensable party analysis, which requires it to assess [under Rule 19(b)] whether or not, in equity and good conscience, the action should proceed in the

---

[2] Defendants request dismissal of Plaintiffs' action pursuant to Fed. R. Civ. P. 12(b)(7) for the first time in their supplemental papers. (*See* Dkt. 27 at 10); *see also* Fed. R. Civ. P. 12(b)(7) (providing that a party may file a motion to dismiss for "failure to join a party under Rule 19"). However, Defendants never filed a motion to dismiss on this basis. The Court's discussion of Natascha as a potential "necessary party" relates to its analysis of Plaintiffs' preliminary injunction motion. (Dkt. 23 at 26-27 (noting that "several cases have denied preliminary injunction motions for the failure to demonstrate a likelihood of success on the merits where a necessary party has not been joined")). Defendants cannot assert an entirely new ground—not raised in their initial motion—upon which dismissal should be granted in their supplemental response. *See Bild v. Konig*, No. 09-CV-5576 (ARR) (VVP), 2014 WL 3015236, at *2 n.1 (E.D.N.Y. July 3, 2014) (declining to consider argument raised "for the first time in supplemental briefing"); *Vollinger v. Merrill Lynch & Co.*, 198 F. Supp. 2d 433, 438 n.1 (S.D.N.Y. 2002) (rejecting the defendant's request, made for the "first time" in a "post-oral argument supplemental briefing," to convert a motion to dismiss to a motion for summary judgment as, among other things, "procedurally improper"). Thus, any request for dismissal pursuant to Fed. R. Civ. P. 12(b)(7) is not properly before the Court and, therefore, is denied.

necessary party's absence." *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1124 (2d Cir. 1990). "Unless Rule 19(a)'s threshold standard is met, the court need not consider whether dismissal under Rule 19(b) is warranted." *Id.* at 1123.

When determining whether a party is necessary under the first prong of the joinder analysis, Rule 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

"It is well established that a party to a contract which is the subject of the litigation is considered a 'necessary' party." *Known Litig. Holdings, LLC v. Navigators Ins. Co.*, 934 F. Supp. 2d 409, 421 (D. Conn. 2013) (quotation omitted); *see, e.g.*, *Delcon Constr. Corp. v. U.S. Dep't of Hous. & Urban Dev.*, 205 F.R.D. 145, 148 (S.D.N.Y. 2002) (same); *see Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 141 (2d Cir. 2002) ("If the resolution of a plaintiff's claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a)."); *Glob. Disc. Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F. Supp. 701, 707-08 (S.D.N.Y. 1997) (stating that a "direct party to the contract which is under dispute" is "a necessary party to this litigation"); *Kawahara Enters., Inc. v. Mitsubishi Elec. Corp.*, No. 96 CIV. 9631 (MBM), 1997 WL 589011, at *3 (S.D.N.Y. Sept. 22, 1997) (determining that the "adjudication of plaintiff's

breach of contract . . . claims" required the parties to the contract to be joined as necessary parties to the action); *see also Crouse-Hinds Co. v. InterNorth, Inc.*, 634 F.2d 690, 701 (2d Cir. 1980) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." (quoting *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975))).

The instant action alleges that Bryan and Natascha violated their obligations under the Declaration of Restrictive Covenants, dated May 1, 1987, and recorded May 21, 1987 (the "Declaration"), the Supplemental Declaration of Covenants, Conditions and Restrictions of Sunset Area Subdivision, recorded July 17, 1995 (the "Supplemental Declaration"), and the Bylaws of Sunset Homeowners Association, Inc., dated October 19, 1993 (the "Bylaws") (collectively, the "Operational Documents"). (*See* Dkt. 1-2 at 6-7, 12-14). Plaintiffs have alleged, among other things, breach of contract claims seeking preliminary and permanent injunctive relief prohibiting Defendants "from offering to lease their Sunset Road properties . . . [and] renting" them for "short-term rental" without prior written consent, and directing Defendants "to remove their Sunset Road rental listings from any online websites . . . [and] to discontinue advertising" the Properties "for short-term lease" also without prior written consent. (*Id.* at 16).

However, the undisputed record evidence demonstrates that Natascha holds legal title in the Properties. (*See* Dkt. 26 at 2; Dkt. 26-1; Dkt. 26-2). Natascha is the sole signatory to the property deeds at the time the Properties were purchased. (*See* Dkt. 26-1 at 5, 13; *see also* Dkt. 26-2 at 2-3, 5-6). Furthermore, the Declaration provides that all

"conditions, restrictions and requirements" set forth therein "shall bind the *owners* of said lots, their heirs, successors and assigns" (Dkt. 1-2 at 20 (emphasis added)), and the Supplemental Declaration states that the "covenants, conditions and restrictions" are "binding on all parties having any right, title or interest" in the properties within the Sunset Area Subdivision (*id.* at 28). By their plain terms, Natascha, as the owner of the Properties, is a party to the Operational Documents that Plaintiffs claim have been violated.

Complete relief cannot be accorded among the existing parties to this lawsuit in Natascha's absence. "The Advisory Committee's note . . . provides that the complete relief clause of Rule 19(a) was designed to 'stress[ ] the desirability of joining those persons in whose absence the court would be obliged to grant partial or "hollow" rather than complete relief to the parties before the court.'" *Glob. Disc. Travel Servs., LLC*, 960 F. Supp. at 708 (quoting Fed. R. Civ. P. 19(a) advisory committee's note). "The interests that are being furthered [by this provision] are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." Fed. R. Civ. P. 19(a) advisory committee's note; *see E.I. Du Pont De Nemours & Co. v. Fine Arts Reprod. Co.*, No. 93 CIV. 2462 (KMW), 1995 WL 312505, at *3 (S.D.N.Y. May 22, 1995) (same). If the Court were to grant the preliminary and permanent injunctive relief sought by Plaintiffs as against Bryan only, such relief would indeed ring "hollow" if Bryan was the only party enjoined from engaging in the allegedly violative conduct. In other words, entering injunctive relief against Bryan would not provide Plaintiffs with complete relief because Natascha, as the holder of the fee simple interest in both 6230 Sunset Road and 6245 Sunset Road, would not be similarly enjoined in her use of the Properties. *See generally Glob.*

*Disc. Travel Servs., LLC*, 960 F. Supp. at 708 (finding the party to be "necessary pursuant to Rule 19(a)(1) where the parties' rights "under the contract arise from the 'same essential subject matter' . . . under the exact same contract"); *cf. Sever v. Glickman*, 298 F. Supp. 2d 267, 275 (D. Conn. 2004) ("Because Feldman is not a party to the contract that is the subject of the litigation, he is not a necessary counterclaim defendant." (footnote omitted)); *Fanbrella, Inc. v. EDT Prod., Inc.*, 185 F.R.D. 144, 149 (E.D.N.Y. 1999) ("By reason of the fact that Sportsbrella was not a party to any of the relevant contracts, appropriate relief may be obtained by the present parties without the inclusion of Sportsbrella.").

In short, without Natascha the Court cannot award Plaintiffs the complete relief sought in their Complaint. Because Natascha would not be subject to any order awarding injunctive relief, her use of the Properties would not be enjoined in the manner requested by Plaintiffs. As Plaintiffs correctly contend, "Rule 19(a)(1) is concerned only with those who are already parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006); (*see* Dkt. 25-1 at 6). However, enjoining Bryan alone will not prevent the Properties from being leased or rented, nor will it require that the Properties be removed from any online listings and advertisements. Accordingly, Natascha's presence in this action is "required" for this Court to grant Plaintiffs the complete relief they request.[3]

---

[3] The parties spend some time discussing whether Bryan would "adequately represent" Natascha's legal interests in this action. (*See* Dkt. 25-1 at 6-7; Dkt. 27 at 7-9). Whether or not an absent party's interests are sufficiently represented by an existing party to an action is only relevant when determining if an absent party is "necessary" pursuant to Rule 19(a)(1)(B)(i), because the party's absence from the litigation may "impair or impede the person's ability to protect" an interest "relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B)(i); *see MasterCard Int'l Inc.*, 471 F.3d at 389-90; *see also Fed. Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251, 258 (S.D.N.Y. 2010) ("Courts often conclude

Therefore, the Court concludes that Natascha is a "necessary" or "required" party pursuant to Rule 19(a)(1)(A).

### III. The Court Denies Plaintiffs' Preliminary Injunction Without Prejudice and Orders Plaintiffs to Serve Natascha

As the Court stated in its April 2019 Decision, the nonjoinder of a necessary party is grounds to deny a preliminary injunction for failure to demonstrate a likelihood of success on the merits. (Dkt. 23 at 26-27); *see, e.g., Ram v. Lal*, 906 F. Supp. 2d 59, 79 (E.D.N.Y. 2012) ("[T]he Court finds that the State Court and the Receiver are necessary parties to the action and must be before this Court in order to effectuate the requested injunction."); *Westchester Disabled On the Move, Inc. v. County of Westchester*, 346 F. Supp. 2d 473, 480 (S.D.N.Y. 2004) (denying motion for a preliminary injunction because where "[t]he currently named [d]efendants could not provide complete relief sought by [p]laintiffs . . . [the p]laintiffs cannot establish a likelihood of success on the merits"); *Boat Basin Inv'rs, LLC v. First Am. Stock Transfer, Inc.*, No. 03 Civ. 493 (RWS), 2003 WL 282144, at * 1 (S.D.N.Y. Feb. 7, 2003) ("In the absence of . . . a necessary party under Rule 19(a) of the Federal Rules of Civil Procedure, the merits may not be reached and a preliminary injunction may not be granted."); *see also KM Enters., Inc. v. McDonald*, No.

---

that the suit will not impair or impede an absentee's interests if the absentee's interests are adequately represented by an existing party."); *Gibbs Wire & Steel Co. v. Johnson*, 255 F.R.D. 326, 329 (D. Conn. 2009) ("If the nonparties' interests are adequately represented by a[n existing] party, the suit will not impede or impair the nonparties' interests, and therefore the nonparties will not be considered 'necessary.'" (quoting *Ramah Navajo Sch. Bd. v. Babbitt*, 87 F.3d 1338, 1351 (D.C. Cir. 1996))). Accordingly, because the Court concludes that it cannot afford complete relief in Natascha's absence, and thus determines that Natascha is a necessary party pursuant to Rule 19(a)(1)(A), the Court need not determine whether Natascha is also a necessary party under rule 19(a)(1)(B)(i).

11-CV-5098 (ADS) (ETB), 2012 WL 540955, at *6 (E.D.N.Y. Feb. 16, 2012) ("Although a determination of whether the [p]laintiff has failed to join necessary parties is not necessary for purposes of a preliminary injunction because the motion is adequately dismissed on alternative grounds, the Court notes that it was ultimately proper and reasonable . . . to consider this factor at this stage of the proceedings."). Accordingly, because the Court cannot provide the complete relief sought by Plaintiffs in this matter in the absence of personal jurisdiction over Natascha, Plaintiffs have failed to demonstrate a likelihood of success on the merits. Therefore, Plaintiffs' motion for a preliminary injunction is denied without prejudice.

Rule 19(a)(2) provides that "[i]f a person has not been joined as required, the court *must* order that the person be made a party." Fed. R. Civ. P. 19(a)(2) (emphasis added). "As one prominent treatise pithily puts it, if an absentee's joinder is 'feasible' and required 'for a just adjudication,' the judge 'must order' joinder since he 'has no discretion at this point because of' Rule 19(a)(2)'s 'mandatory language.'" *Delgado-Caraballo v. Hosp. Pavia Hato Rey, Inc.*, 889 F.3d 30, 37 (1st Cir. 2018) (quoting 7 Wright & Miller, Fed. Prac. & Proc. § 1611, at 158-62 (3d ed. 2001)); *accord City of Syracuse v. Onondaga County*, 464 F.3d 297, 308 (2d Cir.) ("We have held that '[i]f the court determines that any of the criteria set forth in Rule 19(a) is met, then it must order that the absent person be joined as a party.'" (quoting *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188 (2d Cir. 1999), *abrogated on other grounds by United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015))), *certified question accepted*, 7 N.Y.3d 863 (2006), and *certified question withdrawn*, 9 N.Y.3d 888 (2007).

Defendants have provided no reason to conclude that Natascha is not subject to service of process, her joinder would deprive the Court of subject matter jurisdiction over this action, or that it is otherwise "not feasible" to join her as a party to this lawsuit. Accordingly, the Court hereby orders Plaintiffs to serve Natascha with the Summons and Verified Complaint and to file proof of service of the same within 30 days[4] of the date of this Decision and Order in compliance with the Convention and the Federal Rules of Civil Procedure. Nothing in this Decision and Order should be construed as preventing Defendants from challenging the propriety of any such service for failure to comply with any applicable legal requirement.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for insufficient process (Dkt. 3) is granted as to Natascha, and Plaintiffs' motion for a preliminary injunction (Dkt. 1-3 at 5-184) is denied without prejudice. Pursuant to Fed. R. Civ. P. 19(a)(2), Plaintiffs are hereby ordered to effectuate service upon Natascha within 30 days of the date of this

---

[4] To the extent that the 90-day time period to serve the Summons and Complaint has expired, see Fed. R. Civ. P. 4(m), the Court *sua sponte* extends the deadline to effectuate timely and proper service until 30 days from the date of this Decision and Order, *see Kitsis v. Home Attendant Vendor Agency, Inc.*, No. 15-CV-6654 (FB), 2016 WL 8234676, at *3 (E.D.N.Y. Dec. 12, 2016) ("[U]nder Rule 4(m), courts have the discretion to grant an extension of time to serve."), *report and recommendation adopted*, 2017 WL 563971 (E.D.N.Y. Feb. 10, 2017); *see also Phillips v. Long Island Rail Rd. Co.*, No. CV 13-7317 (JS)(ARL), 2019 WL 1757176, at *10 (E.D.N.Y. Mar. 4, 2019) (stating that the first clause of Rule 4(m) "grants discretion to district courts in a backhanded fashion by dictating that they . . . must decide to dismiss . . . or decide not to dismiss" (quoting *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007))), *report and recommendation adopted*, 2019 WL 1758079 (E.D.N.Y. Mar. 25, 2019).

Decision and Order in compliance with the Convention and the Federal Rules of Civil Procedure and to file proof of service of the same.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: July 3, 2019
Rochester, New York